UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA MIKENAS, | ) |
|         Plaintiff, | ) )  Civil Action No. 1:23-cv-00960 (UNA) |
| v. | ) |
| LENO MIKENAS, | ) |
|         Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain

origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard.

The defendant is plaintiff's father, and he allegedly has kept plaintiff "in a cage/bubble" for the purpose of exploiting her financially "with a team of human traffickers." Compl. at 1. According to plaintiff, defendant has collected over $1 million from plaintiff's work and allegedly receives money from another individual who, in turn, receives money "from Saudis, Iranian, Leo, Omar, in MN." *Id*. Plaintiff is "suing for emotional + physical damages over one million dollars." *Id*. Given its irrational and fanciful allegations, this complaint is frivolous on its face and, therefore, it will be dismissed without prejudice.

An Order is issued separately.

DATE: April 19, 2023

/s/
TANYA S. CHUTKAN
United States District Judge